# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL MOONEY, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-060-TWT-JSA |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:18-CV-5607-TWT-JSA |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Joseph Michael Mooney filed the instant § 2255 motion to vacate his sentence on November 26, 2018,[1] and attempts to raise a claim based on the Supreme Court's decision in *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (Apr. 17, 2018).[2]  (Doc. 250).  This Court has no jurisdiction over the instant §2255 motion.

---

[1] Under the federal "mailbox rule," both a *pro se* federal habeas petition and a § 2255 motion are deemed to be filed on the date they were delivered to prison authorities for mailing, and absent evidence to the contrary, the Court presumes the prisoner delivered his pleading to prison officials on the day it was signed. *See Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008).

[2] In *Dimaya*, the Supreme Court held that, similar to the violent felony definition in the residual clause in the Armed Career Criminal Act found to be unconstitutionally vague in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, the crime of violence definition contained in the residual clause in 18 U.S.C. §16(b), as incorporated into the Immigration Nationality Act, also was

Indeed, on July 23, 2007, a jury in this Court convicted Movant of interstate enticement of a minor to engage in sexual activity and aggravated sexual abuse with a minor, and Chief U.S. District Judge Thomas W. Thrash, Jr. sentenced Movant to a net total of 360 months of imprisonment and a life term of supervised release. (*See* Docs. 52, 67); *United States v. Mooney*, 303 F. App'x 737, 739 (11th Cir. 2008). The Eleventh Circuit affirmed Movant's convictions and sentences on December 16, 2008, *Mooney*, 303 F. App'x at 743, and the United States Supreme Court denied Movant's application for a petition of certiorari on October 5, 2009. *Mooney v. United States*, 558 U.S. 908 (2009).

Movant filed his first § 2255 motion through counsel on October 4, 2010, and proceeded *pro se* after counsel withdrew from the case. (Docs. 104, 111, 113). On April 17, 2013, Judge Thrash adopted the undersigned's report and recommendation [Doc. 173] over Movant's objections, which recommended denying the § 2255 motion. (Doc. 179). The Eleventh Circuit denied Movant's motion for a certificate of appealability on March 21, 2014, and denied his motion for reconsideration on May 15, 2014. (Docs. 206-07). In the interim, Movant filed an amended motion to vacate his sentence [Doc. 176] on April 9, 2014, which the Court denied [Doc. 213] and the Eleventh Circuit affirmed [Doc. 229].

---

constitutionally invalid. *Dimaya*, 138 S. Ct. at 121-11, 1213-16, 1218-23.

Movant subsequently filed a motion for writ of error *audita querela* pursuant to 28 U.S.C. § 1651 [Doc. 231], which the Court construed as a second or successive § 2255 motion and dismissed for lack of subject matter jurisdiction because Movant had not sought permission from the Eleventh Circuit, and the Eleventh Circuit affirmed that dismissal. (Docs. 234, 243). Movant then filed a motion to vacate his sentence pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure [Doc. 247], which the Court also construed as a second or successive §2255 motion and dismissed for lack of subject matter jurisdiction. (Doc. 248).

On August 17, 2018, Movant filed an application with the Eleventh Circuit for leave to file a second or successive § 2255 motion raising claims of actual innocence and ineffective assistance of counsel, which the Eleventh Circuit denied. (*See* Doc. 249); *see also Mooney v. United States*, No. 18-13478 (11th Cir. Sept. 10, 2018) (PACER).

Movant executed the instant § 2255 motion on November 26, 2018, raising his *Dimaya* claim. (Doc. 250). On December 7, 2018, Movant filed a motion to stay this action until such time as he could seek permission from the Eleventh Circuit to file a second or successive petition. (Doc. 251). Movant then filed an application for permission to file a second or successive petition with the Eleventh Circuit on December 10, 2018, raising, *inter alia*, his *Dimaya* claim. *See Mooney*

*v. United States*, No. 18-15098 (11th Cir. Jan. 9, 2019) (PACER).  On January 9, 2019, the Eleventh Circuit denied Movant's request.  *Id.*  Because Movant has not received authorization, this Court has no subject matter jurisdiction and this action must be dismissed.  *See* 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

**IT IS THEREFORE RECOMMENDED** that the instant motion to vacate [Doc. 250] be **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional

4

claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant has not obtained permission from the Eleventh Circuit to file another § 2255 motion, and as a result this Court has no jurisdiction. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

Petitioner's motion to stay the instant proceedings [Doc. 251] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 27th day of February, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE